JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Sharon Counterman, individually and on behalf of all others similarly situated

### DEFENDANTS
DirecTV, LLC, a California limited liability corporation

**(b)** County of Residence of First Listed Plaintiff   Northampton County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Senoff, Esquire
Caroselli Beachler McTiernan & Coleman
1845 Walnut Street, 15th Floor
Philadelphia, PA 19103
(215) 609-1350

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities Employment
☐ 446 Amer. w/Disabilities Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. s. 227. et seq.-TCPA and 28 U.S.C. 1332 (d)(2)
Brief description of cause:
Defendant made unsolicited telemarketing calls to cell phones of its former subscribers including Plaintiff nationwide

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
08/12/2015

SIGNATURE OF ATTORNEY OF RECORD
*David S. Senoff*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 29 South 7th Street, Apt. 3, Easton, PA 18042

Address of Defendant: 2260 East Imperial Highway, El Segundo, California 90245

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) TCPA, 47 U.S.C. s. 227, et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David S. Senoff, Esquire , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: August 12, 2015 _____   65278
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 12, 2015 _____   65278
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 29 South 7th Street, Apt. 3, Easton, PA 18042

Address of Defendant: 2260 East Imperial Highway, El Segundo, California 90245

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes□   No☒

Does this case involve multidistrict litigation possibilities?   Yes□   No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes□   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes□   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes□   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes□   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) TCPA, 47 U.S.C. s. 227, et seq.

B. *Diversity Jurisdiction Cases:*

1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David S. Senoff, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

✗ Relief other than monetary damages is sought.

DATE: August 12, 2015   _____   65278
                        Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 12, 2015   _____   65278
                        Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Sharon Counterman, inidividually and on          :          CIVIL ACTION
behalf of all others similarly situated          :
                         v.                      :
DirecTV, LLC, a California limited liability      :
corporation                                      :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 ( x )

| August 12, 2015 | _signature_ | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 609-1350 | (215) 609-1351 | dsenoff@cbmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON COUNTERMAN, individually and on behalf of all others similarly situated,<br><br>            *Plaintiff,*<br>v.<br><br>DIRECTV, LLC, a California limited liability corporation,<br><br>            *Defendant.* | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Sharon Counterman ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant DirecTV, LLC ("Defendant") to stop its practice of making unsolicited telemarketing calls to the cell phones of consumers nationwide. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.      Defendant DirecTV, LLC is one of the largest satellite television service providers in the country.

2.      In an effort to win back former customers who cancelled their satellite television subscriptions, Defendant launched an aggressive telemarketing campaign wherein it made repeated unsolicited telemarketing calls to the cell phones of its former subscribers nationwide—including Plaintiff Counterman—without their prior consent or permission and in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, *et seq.*

3.     By making the unauthorized telemarketing calls at issue, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies unsolicited telemarketing calls.

4.     In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit seeking (i) an injunction requiring Defendant to cease all unsolicited telephone calling activities; and (ii) an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5.     Plaintiff Sharon Counterman is a natural person and citizen of the State of Pennsylvania.

6.     Defendant DirecTV, LLC is a corporation organized under the laws of the State of California. Defendant maintains its principal place of business at 2260 E. Imperial Highway, El Segundo, California 90245. Defendant does business throughout the United States, in the state of Pennsylvania, and in this District.

**JURISDICTION & VENUE**

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, which is a federal statute. This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendant. This Court has personal jurisdiction over Defendant because it conducts significant business in this District, solicits customers in this District, and made unauthorized telephone calls to putative class members located in this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts significant business transactions in this District, solicits business in this District, and because a substantial part of the events giving rise to the action occurred in this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

9.      Throughout the course of its telemarketing campaign, Defendant made thousands of telephone calls to Plaintiff's and the members of the Class's cell phones without their prior express consent and for the express purpose of marketing its products and services.

10.     The calls were placed from Defendant's (or its agents') call centers located in Texas, Arkansas, and/or Arizona, and were made using an automatic telephone dialing system ("ATDS"), known as a "predictive dialer," that had the capacity to call numerous telephone numbers simultaneously without the calls being manually dialed (i.e., without human intervention) and/or using an artificial or prerecorded voice.

11.     Each of the call recipients were former DirecTV customers, like Plaintiff, who cancelled their subscriptions and chose to no longer do business with Defendant.

12.     Nevertheless, in efforts to regain those lost customers, Defendant made repeated calls to its former customers' cell phones to convince them to purchase a new DirecTV subscription.

13.     Even worse, Defendant persists in calling its former customers even after they expressly request not to receive any further telemarketing calls.

14.     Neither Plaintiff nor any of the other members of the Class ever provided Defendant with consent or permission to make such telemarketing calls.

15.     Plaintiff's experiences are corroborated by numerous consumer complaints

3

appearing online. Dozens of complaints have been reported for the telephone number used to dial Plaintiff's cellular telephone.[1]

## PLAINTIFF COUNTERMAN'S EXPERIENCE

16.    Between May and June 2015, Defendant called Plaintiff on her cell phone approximately six times.

17.    Counterman received such telemarketing calls on her cell phone (which was assigned a number ending in 1805).[2] The caller ID on her cell phone showed that each and every one of the telemarketing calls at issue was made from the number "(800) 351-5000"—a number that was, at all times relevant, exclusively controlled by Defendant.

18.    Counterman answered at least two of Defendant's telemarketing calls.

19.    In or around May 23, 2015, Counterman picked up a call from the number (800) 351-5000 and heard a momentary pause before a live representative, who identified himself as calling on behalf of DirecTV, began speaking. The representative inquired as to why Counterman had previously discontinued her DirecTV service and offered a special pricing package if Counterman would agree to re-enroll as a DirecTV customer.

20.    Counterman expressed to Defendant's representative that she was not interested in returning as a customer, did not want to be called again, and ended the call.

21.    On a separate occasion, Counterman picked up another one of Defendant's calls and was greeted by a pre-recorded message asking her to hold for a live representative of DirecTV. Once the representative answered, he asked similar questions regarding the reasons for why Counterman had previously left DirecTV and offered similar pricing packages for re-

_____

[1] *See* http://800notes.com/Phone.aspx/1-800-531-5000 (last visited June 20, 2015); http://whocallsme.com/Phone-Number.aspx/8005315000 (last visited June 20, 2015).
[2] Plaintiff has provided her full cell phone number to Defendant's counsel.

4

enrollment. Counterman again declined and ended the call.

22.     Prior to receiving the calls at issue, Counterman had been a customer of DirecTV's services, but had canceled her service in or around March 2015. During the times that she received the calls (May and June 2015), Counterman had no business relationship with Defendant and did not owe Defendant a balance on her prior account. Rather, Defendant's calls were made for the sole purpose of marketing its products and/or services.

23.     Counterman was annoyed by the invasive calls and wanted Defendant to stop calling.

24.     The telephone number Defendant called was assigned to a cell phone service for which charges are incurred for incoming calls.

25.     Counterman pays the bill associated with the cell phone assigned the number ending in 1805 and is the regular carrier and exclusive user of that number.

26.     Defendant's unauthorized telemarketing calls caused Counterman to suffer an invasion of privacy and actual harm, including in the form of the monies paid to her carrier for the receipt of such calls.

27.     Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

28.     Counterman did not provide Defendant prior express written consent to place the telemarketing calls at issue to her cell phone.

## CLASS ACTION ALLEGATIONS

29.     Pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on her own behalf and on behalf of a Class defined as follows:

> All individuals in the United States who (1) received a telephone call on their cell phone; (2) from or on behalf of Defendant; (3) promoting Defendant's products

and/or services; (4) for which the caller had no record of prior express written consent to make such telephone call at the time it was made.

30.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

31.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made identical telemarketing calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

32.     **Commonality and Predominance**. There is a well-defined community of interest in the questions of law and fact affecting Plaintiff and the Class. The questions of law and fact common to Plaintiff and the Class predominate over questions affecting only individual members of the Class, and include, but are not limited to, the following:

    (a) Whether Defendant's conduct constitutes a violation of the TCPA;

    (b) Whether Defendant systematically made telemarketing calls to members of the Class for whom Defendant does not have a current record of consent to receive such telephone calls;

    (c) Whether Defendant called members of the Class using an automatic

telephone dialing system;

(d) Whether Defendant called members of the Class using an artificial and/or prerecorded voice; and

(e) Whether the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

33.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

34.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law.

35.     **Superiority**: A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, the members of the Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Because of the relatively small size of the individual claims of the members of the Class, few members of the Class likely could afford to seek legal redress on their own. Absent a

class action, members of the Class will continue to sustain damages, and Defendant's misconduct will proceed without remedy. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

36.    Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

37.    Defendant made the unsolicited and unauthorized telemarketing calls at issue using an ATDS and/or an artificial or prerecorded voice for the purpose of marketing products and/or services to Plaintiff and the Class.

38.    Defendant made the telephone calls using dialing equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

39.    Defendant and/or its agents utilized dialing equipment that made the telemarketing calls at issue to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone equipment used by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic or systematic manner.

40.    Defendant further made the telemarketing calls at issue to Plaintiff and other members of the Class using an artificial or prerecorded voice.

8

41.     Defendant made the calls without the prior express written consent of the Plaintiff and Class Members.

42.     By making the unsolicited telephone calls to Plaintiff's and the Class members' cell phones without their prior express consent, and by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make those calls, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

43.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered an invasion of privacy and under 47 U.S.C. § 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

44.     Further, because Defendant had knowledge that Plaintiff and the Class Members did not consent to the telephone solicitations at issue, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sharon Counterman, individually and on behalf of the Class, prays for the following relief:

a.      An order certifying the Class as defined above, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;

b.      An award of actual and statutory damages;

c.      An injunction requiring Defendant to cease all unsolicited telemarketing activities, and otherwise protecting the interests of the Class;

d.      An award of reasonable attorneys' fees and court costs; and

e.      Such other and further relief as the Court deems necessary and just.

9

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**SHARON COUNTERMAN,** individually and on behalf of all others similarly situated,

By: _David S. Senoff_

One of Plaintiff's Attorneys

David S. Senoff (PA 65278)
dsenoff@cbmclaw.com
CAROSELLI BEACHLER MCTIERNAN & COLEMAN, LLC
1845 Walnut Street, Fifteenth Floor
Philadelphia, Pennsylvania 19103
Tel: 215.609.1350
Fax: 215.609.1351

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice* admission to be sought.

*Attorneys for Plaintiff and the Proposed Class*

Dated: August 12, 2015